FRANCIS FOSTER *v.* MARY MURPHY.

**Husband and Wife—Right of Wife to Sue or Defend in Husband's Name.**
Under Civ. Code, Section 51, where a husband and father has deserted his wife and children, the wife may prosecute or defend in his name any action which he might have prosecuted or defended, and she will have the same rights therein as he would have had.

**Frauds, Statute of—Agreement to Pay for Board and Care of Imbecile Brother.**
An agreement by one to pay for the board and care of his imbecile brother is not a contract to answer for the debt or default of another.

APPEAL FROM NELSON CIRCUIT COURT.

January 21, 1874.

OPINION BY JUDGE PETERS:

This action was brought in August, 1872, by appellee against appellant, on an alleged contract made by him with her to board,

wash for, and take care of Isaac Foster, an idiotic and imbecile brother of appellant, in consideration whereof he promised and agreed to pay her as much as the services were worth and as she reasonably deserved to have therefor; that under said contract she boarded, lodged, nursed, and took care of and washed for said Isaac Foster from 1864 till June, 1872; that the boarding so furnished and the services performed by her were valued at two hundred dollars per annum, and she prayed judgment for that sum.

Appellant in his answer denied having entered into the contract set forth in the petition, or any other contract by which he was bound or undertook to pay for boarding, washing for, and taking care of his said brother or for any such service. In the second paragraph of his answer he says: "He denies that plaintiff has been a feme sole for more than five years last past before the institution of this suit, and avers that prior to that time, she was the wife of Thomas Murphy, with whom Isaac Foster resided." He then avers that the labor and services performed by Isaac Foster for appellant, on the farm occupied by her, were worth his boarding, clothing, washing and other services performed by appellee for him. And finally he denies that he had broken any promise he had made with appellee within five years, and pleads the statute of limitation, and the statute against frauds and perjuries.

On the trial by a jury, of the issues presented by the pleadings, a verdict was found for appellee for $750, and a judgment having been rendered in conformity thereto, and appellant's motion for a new trial having been overruled, he has brought the case to this court.

The court below, at the instance of appellee, instructed the jury, that if they believed from the evidence that the defendant, Foster, promised and agreed with plaintiff, that if she would board and maintain Isaac Foster and take care of him he would pay her a reasonable compensation therefor, and plaintiff under said promise, did board and take care of said Isaac Foster and wait upon him, then they should find for said plaintiff what said board, etc., was reasonably worth within five years next before the bringing of this action. The giving of this instruction appellant excepted to, and the propriety of that ruling of the court presents the first question to be considered.

The objection urged to this instruction, is that it recognizes the right of appellee to sue and recover upon a contract made with her

while she was a married woman. In his answer appellant admits that she had been a feme sole five years previous thereto; and although the contract may have been made with him when she was a married woman, the services for which she recovered in the action were performed within the time when, by the admissions of the answer, she was a feme sole, for by the instruction the finding of the jury was limited to services performed within five years from the bringing of this action.

It is in evidence that the husband of appellee had abandoned her about four years before she was divorced, and she had been divorced from him about two years. By Sec. 51, Civil Code, it is provided that where a husband being a father, has deserted his family, the wife, being a mother, may prosecute or defend in his name, any action which he might have prosecuted or defended; and she will have the same rights and powers therein as he might have had.

The evidence discloses the fact that Murphy and his wife had children, and that he had abandoned her more than five years before the trial of this action. Under the provision of the code, supra, she might have maintained the action before she obtained her divorce; and if she could have done so then there is no reason why she could not maintain one in her own name after she was discovert, for services rendered before that event. The judgment in this case will be a bar to any action the former husband could bring for the same cause.

Instead of instruction No. 4 as asked for by appellant, the court gave instructions Nos. 2 and 3, which were substantially the same as No. 4 and conformed more nearly to the law of the case. Instruction No. 5 was properly refused. The action was not brought on a parol contract not to be performed in twelve months, but had actually been performed and executed on her part. Instruction No. 6 was properly refused for reasons already stated.

If appellant intended to terminate the contract, he should have gone to appellee's house and removed his brother to his own home or to some other place and notified appellee that he would no longer remain bound for the board, etc. Instruction No. 7 was, therefore, properly refused.

There was no evidence that the contract or promise sued on was to answer for the debt or default of another. The contract sued on was made directly with appellant, and the credit was given to him, and it can not be construed into a debt of Isaac Foster. There-

fore, instruction No. 8 was properly refused. It was a mere abstract proposition.

The alleged misconduct of a part of the jury as a ground for a new trial seems to be abandoned. But if it were not, no misconduct on the part of any of them is made out.

Perceiving no errors in the proceedings prejudicial to appellant, the judgment must be affirmed.

*Muir & Wickliffe, for appellant.*

*Johnson, for appellee.*